**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDA PHARMACEUTICALS INC.,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | C.A. No. 23-152-JLH<br><br>**JURY TRIAL DEMANDED** |
| VANDA PHARMACEUTICALS INC.,<br><br>Plaintiff,<br><br>v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>Defendants. | C.A. No. 23-153-JLH<br><br>**JURY TRIAL DEMANDED** |

**AMENDED JOINT CLAIM CONSTRUCTION CHART**

Pursuant to the Scheduling Orders (C.A. No. 23-152, D.I. 124 at ¶ 12; C.A. No. 23-153, D.I. 116 at ¶ 12), Plaintiff Vanda Pharmaceuticals Inc. ("Vanda" or "Plaintiff") and Defendants Teva Pharmaceuticals USA, Inc. ("Teva"), Apotex Inc. and Apotex Corp. (collectively, "Apotex") (all Defendants collectively, "Defendants") hereby provide the following Amended Joint Claim Construction Chart for terms found in the asserted claims of U.S. Patent No. 11,285,129 (the "'129 Patent"). Exhibit A provides the parties agreed upon constructions. Exhibit B provides the parties' disputed terms, the parties' proposed constructions, and citations to the intrinsic evidence supporting each parties' respective positions.

The parties reserve the right to rely on intrinsic evidence identified as supporting its proposed construction of one term as intrinsic evidence supporting its proposed construction of

any other term. The parties also reserve the right to rely on intrinsic evidence identified by the opposing party, and to amend and/or supplement the positions set forth in this Amended Joint Claim Construction Chart with additional intrinsic evidence and/or modified proposed constructions, in response to positions taken by the opposing party (including by any expert witnesses), and in response to any request or order by the Court. The parties further reserve the right to rely on additional intrinsic evidence, as well as extrinsic evidence, to the extent it is necessary to provide additional context or to rebut arguments made the opposing party during claim construction briefing. The parties further reserve the right to propose clarifying jury instructions on any portions of any ordered constructions that rely on or recite legal standards.

Pursuant to Paragraph 12 of the Scheduling Orders, copies of the patent, all relevant intrinsic evidence, and any other evidence cited in the parties' briefing were included in a Joint Appendix with the Joint Claim Construction Brief filed on January 6, 2025.

Dated: January 21, 2025

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Of Counsel:*

Paul W. Hughes
Sarah P. Hogarth
April E. Weisbruch
Christopher M. Bruno
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000

Jason A. Leonard
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5400
jleonard@mwe.com

*Attorneys for Plaintiff*
*Vanda Pharmaceuticals Inc.*

SHAW KELLER LLP

*/s/ Nathan R. Hoeschen*
John W. Shaw (#3362)
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Of Counsel:*

J.C. Rozendaal
Deirdre M. Wells
Byron Pickard
William H. Milliken
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Suite 600
Washington, DC 20005
(202) 772-8747

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

COZEN O'CONNOR

*/s/ Kaan Ekiner*
Kaan Ekiner (#5607)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

*Of Counsel:*

W. Blake Coblentz
Aaron S. Lukas
Kerry B. McTigue
COZEN O'CONNOR
1200 19th Street, NW
Washington, DC 20036
(202) 912-4800

Keri L. Schaubert
COZEN O'CONNOR
3 WTC, 175 Greenwich Street
55th Floor
New York, NY 10007
(212) 883-4900

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

# Exhibit A

## <u>Agreed Upon Constructions for the Patents-in-Suit</u>

| Term No. | Claim Term | Agreed Upon Construction |
|---|---|---|
| 1. | “altenolol”<br><br>(Claim 2) | “atenolol” |

# Exhibit B

## Disputed Constructions for the Patents-in-Suit

| Term No. | Claim Term | Plaintiffs' Proposed Construction | Plaintiffs' Intrinsic Evidence | Defendants' Proposed Construction | Defendants' Intrinsic Evidence |
|---|---|---|---|---|---|
| 1. | "In a method of administering tasimelteon to a patient, the improvement comprising"<br><br>(Claim 1) | Definite.<br><br>If necessary to construe, plain and ordinary meaning: In a known prior art method for administering tasimelteon to a patient, the improvement comprising | ’129 Patent<br>- Col. 2, lines 59-61<br><br>’129 Patent Certified File History<br>- Notice of Allowance, Dated Feb. 8, 2022, at VANDA_0000315 | Indefinite.<br><br>Alternatively, "In the prior-art method of administering to a patient 20 mg of tasimelteon once daily about one-half hour to about one-and-one-half hours before a target bedtime, an improvement comprising" | ’129 Patent<br>- Abstract<br>- Col. 1, lines 36-39<br>- Col. 2, line 65 – Col. 3, line 43<br>- Col. 6, lines 13-19<br>- Col. 20, lines 27-35 |

| Term No. | Claim Term | Plaintiffs' Proposed Construction | Plaintiffs' Intrinsic Evidence | Defendants' Proposed Construction | Defendants' Intrinsic Evidence |
|---|---|---|---|---|---|
| 2. | "determining whether the patient is being treated with a beta-adrenergic receptor antagonist"<br><br>(Claim 1) | Limiting and should be afforded its plain and ordinary meaning (*i.e.*, not limited to a particular method of determining, such as "asking") | ’129 Patent<br>- Col. 6, lines 29-37<br>- Col. 6, lines 48-55<br>- Col. 8, line 33-Col. 9, line 42<br>- Col. 21, lines 24-30<br>- Col. 23, lines 14-20<br>- Col. 24, lines 16-20<br>- Col. 24, lines 21-46 (TABLE 3A)<br>- Col. 24, lines 47-53<br>- Col. 24, lines 55-62 (TABLE 3B)<br>- Col. 24, lines 63-67<br>- Col. 25, lines 1-8 (TABLE 4)<br>- Col. 27, line 66-Col. 28, line 34<br>- Col. 29, lines 3-22<br>- Col. 31, lines 33-50<br>- Col. 33, lines 23-28<br>- Col. 34, lines 5-13<br>- Col. 34, lines 22-28<br><br>’129 Patent Certified File History<br>- Notice of Allowance, Dated Feb. 8, 2022, at VANDA_0000315 | Not limiting; not afforded patentable weight.<br><br>Alternatively, "asking the patient or his caregiver if he is taking a beta-adrenergic receptor antagonist"[1] | |

| Term No. | Claim Term | Plaintiffs' Proposed Construction | Plaintiffs' Intrinsic Evidence | Defendants' Proposed Construction | Defendants' Intrinsic Evidence |
|---|---|---|---|---|---|
| 3. | "in the case that it is determined that the patient is not being treated with a beta-adrenergic receptor antagonist, administering to the patient 20 mg of tasimelteon once daily about one-half hour to about one-and-one-half hours before the target bedtime; or in the case that it is determined that the patient is being | Plain and ordinary meaning: in the case that it is determined that the patient is not being treated with a beta-adrenergic receptor antagonist, administering to the patient 20 mg of tasimelteon once daily about one-half hour to about one-and-one-half hours before the target bedtime; or in the case that it is determined that the patient is being | ’129 Patent<br>- Col. 2, lines 51-61<br>- Col. 3, lines 33-43<br>- Col. 5, lines 48-55<br>- Col. 6, lines 13-37<br>- Col. 6, lines 48-55<br>- Col. 8, line 33-Col. 9, line 42<br>- Col. 16, lines 27-39<br>- Col. 18, lines 60-67<br>- Col. 21, lines 24-30<br>- Col. 21, lines 51-61<br>- Col. 22, lines 15-23<br>- Col. 23, lines 14-20<br>- Col. 24, lines 11-15<br>- Col. 24, lines 16-20 | This clause presents two mutually exclusive, conditional methods of administering to the patient 20 mg of tasimelteon once daily about one-half hour to about one-and-one-half hours before the target bedtime, only one of which is performed to practice the claim.[2] | |

[1] **Defendants:** Defendants requested that Vanda provide what it believes the "plain and ordinary" meaning of this term to be (rather than simply saying it disagrees with Defendants' construction) to enable the parties to either reach an agreement or better crystalize the dispute. Vanda has chosen not to. Defendants reserve the right to alter their proposed construction and intrinsic evidence if/when Vanda provides a more fulsome claim construction position.
**Vanda:** Contrary to Defendants' contention, Vanda's proposed construction does sufficiently explain the "plain and ordinary" meaning of this term. Defendants are unnecessarily limiting the term "determining." Vanda reserves the right to revise or supplement its proposed constructions and intrinsic evidence support therefor in response to Defendants' arguments and revisions and supplementations to Defendants' proposed constructions and intrinsic evidence support.

[2] **Defendants:** Defendants requested that Vanda provide what it believes the "plain and ordinary" meaning of this term to be to enable the parties to either reach an agreement or better crystalize the dispute. Vanda has chosen not to. It is unclear from Vanda's proposed construction whether Vanda believes that both alternative methods recited in the claim must be performed in order to practice the claim, or whether (as Defendants have argued) only one of the alternative methods need be performed, and Vanda has refused to clarify its position on that issue. Defendants reserve the right to alter their proposed construction and intrinsic evidence if/when Vanda provides a more fulsome claim construction position.
**Vanda:** No construction is required of this claim term, and Defendants do not provide a proposed construction. Defendants only offer a contention regarding the legal significance of the claim language, which creates confusion rather than provides clarification, particularly to a jury. Vanda reserves the right to revise or supplement its proposed constructions and intrinsic evidence support therefor in response to Defendants' arguments and revisions and supplementations to Defendants' proposed constructions and intrinsic evidence support.

| Term No. | Claim Term | Plaintiffs' Proposed Construction | Plaintiffs' Intrinsic Evidence | Defendants' Proposed Construction | Defendants' Intrinsic Evidence |
|---|---|---|---|---|---|
| | treated with a beta-adrenergic receptor antagonist: instructing the patient to cease treatment with the beta-adrenergic receptor antagonist; and then administering to the patient 20 mg of tasimelteon once daily about one-half hour to about one-and-one-half hours before the target bedtime"<br><br>(Claim 1) | treated with a beta-adrenergic receptor antagonist: instructing the patient to cease treatment with the beta-adrenergic receptor antagonist; and then administering to the patient 20 mg of tasimelteon once daily about one-half hour to about one-and-one-half hours before the target bedtime | - Col. 24, lines 21-46 (TABLE 3A)<br>- Col. 24, lines 47-53<br>- Col. 24, lines 55-62 (TABLE 3B)<br>- Col. 24, lines 63-67<br>- Col. 25, lines 1-8 (TABLE 4)<br>- Col. 27, line 66-Col. 28, line 34<br>- Col. 29, lines 3-22<br>- Col. 31, lines 33-50<br>- Col. 33, lines 23-28<br>- Col. 34, lines 5-13<br>- Col. 34, lines 22-28<br>- Col. 36, line 38-Col. 37, line 9<br>- Col. 38, lines 3-5<br><br>'129 Patent Certified File History<br>- Notice of Allowance, Dated Feb. 8, 2022, at VANDA_0000315 | | |