**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDA PHARMACEUTICALS INC., | |
| Plaintiff, | |
| v. | C.A. No. 23-152-JLH (Consolidated) |
| TEVA PHARMACEUTICALS USA, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**LETTER TO THE HONORABLE JENNIFER L. HALL
FROM DANIEL M. SILVER ESQ. REGARDING APPORTIONMENT**

Dated: May 20, 2026

Dear Judge Hall,

Vanda submits this letter in response to the Court's inquiry (Apr. 14, 2026 Hr'g Tr. 103:7-106:16) and Defendants' letter (D.I. 365) regarding whether apportionment is required for a claim covering an improved method of use. The answer to the Court's question is that, in the context of lost profits, the *Panduit* analysis inherently satisfies the principles of apportionment, such that no additional or separate apportionment is needed, including for a *Jepson* or improved method-of-use claim. Dr. Vellturo properly applied the *Panduit* factors to Vanda's but-for theory (D.I. 311 at 37-42), a point Defendants do not contest. His lost-profits opinions therefore appropriately ensure that damages are linked to the value of the patented method.

The Federal Circuit has explained that "*Panduit*'s requirement that patentees prove demand for the product as a whole and the absence of non-infringing alternatives ties lost profit damages to specific claim limitations and ensures that damages are commensurate with the value of the patented features." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1288 (Fed. Cir. 2017). Thus, whenever the *Panduit* test is met, so too are principles of apportionment without any need for a separate apportionment analysis. *Id.* at 1288 n.7 ("[W]e have declined to apportion when the four-part *Panduit* test establishing but for causation has been met.").

Courts uniformly apply the Federal Circuit's rule that a separate apportionment analysis is not required under a *Panduit*-based lost profits analysis regardless of how the claim is drafted. *E.g.*, *Sprint Commc'ns Co. v. Charter Commc'ns, Inc.*, 2021 WL 982732, at *13 (D. Del. 2021) (denying motion to exclude expert's lost-profits analysis for lack of apportionment for method of operating claims because the expert's opinion "on the absence of non-infringing alternatives[] show[ed] that the demand for the product was tied to the patented features"); *DUSA Pharms., Inc. v. Biogrontera Inc.*, 2020 WL 5993035, at *1-2 (D. Mass. 2020) (refusing to exclude expert's lost profits opinion based on alleged failure to apportion for method of use claims, finding that further apportionment of lost profits between patented and unpatented features was not necessary because the *Panduit* factors were satisfied); *Abbott Diabetes Care Inc. v. Dexcom, Inc.*, 2024 WL 4875131, at *17 (D. Del. 2024) (denying summary judgment notwithstanding lack of apportionment for apparatus and system claims because there was a fact dispute regarding the *Panduit* factors, which "incorporate into their very analysis the value properly attributed to the patented feature").

This principle applies with equal force in the context of a *Jepson* or method of use claim directed to an improvement. *E.g.*, *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 34 F. Supp. 3d 1061, 1092-1094 (C.D. Cal. 2014) (denying summary judgment after finding that apportionment is not required under a *Panduit*-based lost profits analysis for "improvement" claims directed to methods of use and apparatuses because apportionment is subsumed in the analysis); *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 22-23 (Fed. Cir. 1984) (affirming district court's award of lost profits for the entire accused product in the context of a *Jepson* claim even though the entire accused product also included unpatented features).

Defendants advance *Garretson v. Clark*, 111 U.S. 120 (1884), to argue that a separate apportionment analysis is required in a lost profits analysis. But the Federal Circuit specifically considered a *Garretson*-based argument in *Mentor Graphics* and held the *Panduit* analysis fully consistent with it. 851 F.3d at 1283 n.3, 1287-1288. *Garretson* is also inapposite on its facts—which would not have satisfied *Panduit*. There, the patentee's evidence consisted only of "the cost

1

of the whole mop, and the price at which it was sold," with nothing to link the value of the mop head to the patented improved method of manufacturing. *Id.* at 121-122.[1]

Given the Federal Circuit's precedent and *Garretson*'s evidentiary failing, it is unsurprising that no court has accepted the argument that *Garretson* demands a separate apportionment analysis when the *Panduit* test is satisfied. Indeed, courts have squarely rejected the *Garretson* argument for "improvement" patents too. In *Universal Electronics*, the infringer argued—based on *Garretson*—that the patentee must show a separate apportionment analysis for lost profits "because the patents at issue are 'improvement' patents." *Universal Elecs.*, 34 F. Supp. 3d at 1094. The Court held that further apportionment was unnecessary under the *Panduit* lost-profits framework: "Plaintiff's but-for theory here, if borne out by the facts, would explain why apportionment is not necessary." *Id.* at 1093-1094.

Similarly, in *Brocade Communications Systems, Inc. v. A10 Networks, Inc.*, the court refused to exclude an expert's opinion for failure to further apportion in the context of a *Panduit*-based lost profits analysis. 2013 WL 10601009, at *1 (N.D. Cal. 2013). It observed that the infringer "has not cited any Supreme Court or Federal Circuit case requiring an apportionment when a patentee claims lost profits based on *Panduit*. Nor do any of the cases it does cite arise in the context of a *Panduit*-based lost profits claim."[2] *Id.* at *2. So too here. Besides the *Garretson* decision, which did not address whether a separate apportionment analysis would be necessary when evidence like that the *Panduit* test requires exists, Defendants cite only reasonable-royalty cases. But the apportionment analysis for reasonable royalties is not the same as for lost profits under *Panduit*. *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1334 n.3 (Fed. Cir. 2015) (explaining that a lost profits analysis cannot be "intermingle[d]" with a reasonable royalty analysis). For reasonable royalties, apportionment occurs through the *Georgia Pacific* factors, including factors 9 (utility and advantages of patent property over old modes and devices) and 10 (nature of the patented invention), which "guard[] against compensation for more than the added value attributable to the invention." *AstraZeneca*, 782 F.3d at 1338. Here, Dr. Vellturo applied *Georgia-Pacific* factors 9 and 10 to account for the incremental value of the '129 claimed method when determining a reasonable royalty. D.I. 311 at 41-42.[3] That separate analysis is distinct from a *Panduit*-based lost-profits theory, which subsumes into its analysis the value properly attributed to the patented features. For these reasons, and those discussed further in Vanda's *Daubert* briefing, Dr. Vellturo's opinions regarding lost profits should not be excluded. *Id.* at 37-47.

Counsel is available at the Court's convenience for any questions.

---

[1]    *Garretson* recited claims to a method of manufacturing and not a method of use as Defendants contend. *Garretson v. Clark*, 10 F. Cas. 40, 41 (C.C.N.D.N.Y. 1878).

[2]    While the court acknowledged the common-sense "appeal" of the infringer's argument, it acknowledged that requiring additional apportionment for a *Panduit*-based lost profits analysis is not the law. *Brocade*, 2013 WL 10601009, at *1.

[3]    For the reasons discussed herein and in Vanda's prior briefing, Dr. Vellturo's opinions regarding apportionment for reasonable royalty also should not be excluded. D.I. 311 at 37-47.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)