

Karen E. Keller
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0702 – Direct
kkeller@shawkeller.com

June 11, 2026

**BY CM/ECF**
The Honorable Jennifer L. Hall
United States District Court
for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Vanda Pharmaceuticals Inc. v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 23-152-JLH

Dear Judge Hall:

At the April 14th hearing on the parties' summary judgment and *Daubert* motions, the Court requested a two-page letter "saying what, if any, bearing [the Supreme Court's *Amarin v. Hikma* decision] has on this case" within seven days of the decision. Tr. 146:18–23. The Supreme Court issued its decision on June 4, 2026. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. ___ (2026). Defendants respectfully submit this letter in response. As explained below, *Hikma* forecloses Vanda's inducement theory as a matter of law. The Court should therefore grant Defendants' motion for summary judgment of non-infringement.

In *Hikma*, Amarin, the NDA holder for Vascepa, owned patents on one of the drug's two FDA-approved indications. Hikma obtained FDA approval to market a generic version of Vascepa with a "skinny label" that carved out the patented indication. Amarin nevertheless alleged that Hikma's labeling and other public statements induced infringement because medical providers "would plausibly understand" the statements to encourage infringing uses. *Hikma*, slip op. at 12.

The Supreme Court rejected that theory. As the Court explained, "the key question is whether a defendant actively encouraged infringement through its statements, not merely how others may understand those statements." *Id*. at 9 n.3; *see also id.* at 2. Inducement requires "statements *designed* to stimulate others" to infringe; statements that merely "*could* stimulate others" to infringe are insufficient. *Id.* at 9. So "the necessary inducement must be 'clear' to the relevant audience and 'affirmative.'" *Id.* at 10 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005)). In the pharmaceutical context, then, "vague statements combined with speculation about how [medical providers] may act in response to those statements" are insufficient. *Id*. at 12 (citing *Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F. 3d 625, 632 (Fed. Cir. 2015) (internal quotations omitted)). Because Amarin failed to plead the required "clear" statements inducing infringement, its complaint could not survive a motion to dismiss.

SHAW KELLER LLP
Page 2

Vanda's theory of inducement in this case rests on precisely the approach *Hikma* rejected. Vanda's patents require discontinuing beta blockers before administering tasimelteon, and Vanda's inducement case rests on the statement in section 7.3 of Defendants' labels that "[n]ighttime administration of [beta blockers] may reduce the efficacy of tasimelteon." *See* Tr. 39:8–12 (Vanda's counsel explaining that "the case focuses on the label language" and that the "real dispute" on summary judgment is "what the language means"). This language, on its face, says nothing—"implicit[ly] or explicit[ly]," *Hikma*, slip op. at 10—of discontinuing beta blockers altogether before administering tasimelteon. Nor is it designed to "'entice or persuade another' to engage in," *id.*, a particular course of action, infringing or otherwise. *Cf. id.* (citing the "OpenNap program" from *Grokster* as an example of "implicit" inducement because its name was designed to attract patrons of Napster). But Vanda nonetheless asserts that Defendants are liable for induced infringement because a hypothetical prescriber might interpret Defendants' labels as suggesting an infringing course of action. *See* Vanda Answering Br. 26 (arguing that summary judgment is unwarranted based on "disputes of material fact as to how the label should be interpreted").[1] Vanda does not and cannot argue that Defendants' labels "clear[ly]" and "affirmative[ly]" induce infringement, as *Hikma* confirms is required, slip op. at 10. At most, section 7.3 reflects a clinical disclaimer—precisely the type of "implausibly roundabout" statement that *Hikma* explains is insufficient for inducement. *Id.* at 12.

*Hikma* squarely forecloses Vanda's infringement argument and confirms that its evidence is insufficient as a matter of law. At *best*, Vanda has identified statements in Defendants' labels that—according to Vanda—"could be read by medical providers as instructions to infringe," *id.* at 9 n.3. But the Supreme Court has now made clear that speculation about how physicians might interpret labeling cannot substitute for evidence of active inducement. Vanda lacks the latter, and its reliance on expert testimony regarding prescriber understanding cannot create a triable issue of fact.[2] The Court should grant summary judgment of non-infringement.

Counsel is available at the Court's convenience for any questions.

---

[1] *See also* Tr. 39:13–14 ("the real issue [regarding induced infringement] is how a prescriber would understand" section 7.3 of Defendants' labels); *see also id.* 40:13–14 ("What [Defendants] need to show is that a physician wouldn't read [the labels] that way…."); *id.* 42:1–4 (admitting that the UpToDate entry on tasimelteon is "not Defendants [sic]" but is "evidence of how a physician, who's the one who's reading the label, would understand it"); *id.* 42:10–12 ("[T]he real question is: How would a physician interpret that? That's what the jury would have to resolve.").

[2] To be clear, Vanda's expert testimony regarding prescribers' alleged understanding of Defendants' labels is irredeemably conclusory and thus insufficient to create a genuine dispute of material fact in any event. Defs.' Op. Br. 20–21. But the Supreme Court's guidance in *Hikma* renders it unnecessary for this Court even to address that issue.

SHAW KELLER LLP
Page 3

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc:    Clerk of the Court (by CM/ECF)
       All counsel of record (by CM/ECF and e-mail)