**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDA PHARMACEUTICALS INC.,<br>Plaintiff,<br>v.<br>TEVA PHARMACEUTICALS USA, INC.,<br>Defendant. | C.A. No. 23-152-JLH<br>(Consolidated)<br>**JURY TRIAL DEMANDED**<br>[redacted] |

**LETTER TO THE HONORABLE JENNIFER L. HALL**
**FROM DANIEL M. SILVER ESQ. REGARDING THE PARTIES**
**SERVING UPDATED FINANCIALS AND DAMAGES REPORTS PRIOR TO TRIAL**

Dated: September 4, 2026

Dear Judge Hall:

Trial is scheduled to begin in this matter on October 26, 2026.[1]

During fact discovery, Teva provided Vanda its sales figures through the second quarter of 2025. Vanda seeks to update its damages case to address Teva's sales from the third quarter of 2025 through the second quarter of 2026. Such updates are common prior to trial.

Apotex (the defendant in CA No. 23-153) and MSN (a third party) both agreed to provide updated financials. Ex. 1 at 1; Ex. 2 at 1.[2] Teva—the defendant set to go to trial on October 26—initially refused to do so. Then, Teva said it would provide the updated information, but only if Vanda agreed to forgo any claim for damages for sales *after* the second quarter of 2026.[3]

Vanda has a right to update its damages data. And it need not agree to forgo later periods of damages to obtain this information. Vanda respectfully requests that the Court (i) compel Teva to provide updated financials to Ex. 4 that include Teva's financials through June 30, 2026 and (ii) enter a schedule that allows the parties to provide supplemental damages reports with updates limited to revised numerical calculations only prior to the October 26, 2026 trial in this case.

**<u>Argument:</u>** FRCP 26 "imposes a continuing obligation on parties to timely supplement or correct discovery responses or disclosures." *Avadel CNS Pharms. LLC v. Jazz Pharms., Inc.*, 2025 WL 2691118, at *2 (D. Del. Sept. 19, 2025). The "duty to supplement … extend[s] beyond the discovery cutoff date … up to the deadline for pretrial disclosures." *Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*, 2025 WL 980830, at *1-2 (N.D. Cal. Apr. 1, 2025); *see also id.* at 2 (recognizing that this duty applies to expert reports).

Vanda respectfully requests that, pursuant to FRCP 26, the Court compel Teva to update its financials as reflected in Ex. 4 through the end of June 30, 2026 and allow the parties to provide

---

[1] In view of the rapidly approaching trial date, Vanda respectfully requests the Court's guidance on when it intends to resolve the several summary judgment motions that are still pending in the case. The Court's ruling on those motions will have profound implications for trial—and thus need to shape the parties' expenditure of resources in the coming weeks in advance of trial. *See generally* D.I. 297 (Teva's MSJ of Non-infringement); D.I. 298 (Teva's MSJ #2 Priority Date); D.I. 299 (Vanda's MSJ regarding Teva's affirmative defenses and counterclaims based on the January 8, 2021 scheduling conference; Teva's affirmative defense and counterclaim of collateral estoppel; Teva's affirmative defense and counterclaim of inequitable conduct; and that marketing tasimelteon with a label that omits Section 7.3 was not an available, non-infringing alternative during the relevant damages period).

[2] Vanda's damages theories require the use of Apotex's and MSN's financial data.

[3] Teva stated that updating damages twice (pre-trial and post-verdict) would be unduly burdensome for Teva, even though parties routinely work together to provide updated financials twice in a case. Teva also stated that it was unduly burdensome because a "large portion" of the Sterne Kessler attorneys were at trial. Ex. 3 at 3-4. That purported "burden" is moot given that the one-week trial finished on August 28, 2026—and, in any event, it appears a subset of the Sterne Kessler team was implicated.

updated damages reports limited to revised numerical calculations, so that the parties can more accurately measure damages at trial. While parties routinely agree to do so prior to trial (*see, e.g.*, *Avadel*, 2025 WL 2691118, at *1), courts have compelled post-discovery financials and allowed for supplemental damages reports when one party refuses to provide this basic data. *Id.* at *4 (compelling the supplemental production of financials); *Carl Zeiss*, 2025 WL 980830, at *3 (ordering supplementation of damages reports "to incorporate additional sales of allegedly infringing products since the service of the initial reports"). This is true even when accounting for additional pre-verdict damages is expected post-verdict. *Everlight Elecs. Co. v. Nichia Corp.*, 2015 WL 412184, at *1-2 (E.D. Mich. Jan. 30, 2015) (compelling production of post-discovery financials and rejecting the argument that post-discovery damages can be sufficiently addressed by seeking an accounting post-verdict); *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 2683184, at *2 (E.D. Tex. July 11, 2011), *aff'd*, 709 F.3d 1365 (Fed. Cir. 2013) (compelling updated financials one month before trial and allowing for post-trial accounting of pre-verdict lost profits).

Courts have found FRCP 26(e)'s duty to supplement documents and expert reports after the close of discovery "obviat[es] the need to reopen discovery." *Carl Zeiss*, 2025 WL 980830, at *2. To the extent this Court disagrees, then reopening discovery is subject to "good cause." *Avadel*, 2025 WL 2691118, at *2. There is no set formula in assessing good cause but "implicit in such a showing is proof that more diligent discovery was impossible." *Id.* Prejudice to the opposing party may be considered. *Id.*

Good cause exists here to reopen discovery for the limited purpose of providing updated financials in Ex. 4 and supplemental damages reports reflecting only revised numerical calculations. Requesting an updated version of Ex. 4 during fact discovery was impossible because Teva's updated financials did not exist. Vanda also has been diligent in seeking updated financials and damages reports, reaching out to Teva on July 20, 2026—more than three months before trial is set to begin—to start the exchange of information. Ex. 3 at 14.

There also is no prejudice to Teva in complying with its FRCP 26(e) obligation. Teva's complaint that it is burdensome to provide updated financials twice lacks merit, when parties routinely do so pre-trial and post-verdict. *Everlight Elecs.*, 2015 WL 412184, at *1-2; *SynQor*, 2011 WL 2683184, at *2. Vanda, on the other hand, will be prejudiced by Teva's failure to supplement now because Vanda will be unable to present an up-to-date damages figure to the jury. *SynQor*, 2011 WL 2683184, at *2 (finding the plaintiff was prejudiced because additional defendant sales "were not included in the damages model presented to the jury"). Teva's prior financial data is on a single spreadsheet and should take Teva minimal time and effort to provide. And no additional depositions are required, because no new theories will be presented. While trial is imminent, "imminence is a necessary feature of the request," because Vanda's "stated purpose for requesting the additional discovery is to provide the Court and jury with a comprehensive up-to-date [] damages figure that accounts for the alleged on-going infringement." *Isola USA Corp. v. Taiwan Union Tech. Corp.*, 2015 WL 12555875, at *2 (D. Ariz. Aug. 20, 2015) (ordering updated financials on August 20, 2015—18 days before trial on September 8, 2015 (D.I. 224)).

For the foregoing reasons, Vanda respectfully requests that the Court grant Vanda's relief.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via Electronic Mail)