**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VANDA PHARMACEUTICALS INC.,<br>Plaintiff,<br>v.<br>TEVA PHARMACEUTICALS USA, INC.,<br>Defendant. | C.A. No. 23-152-JLH<br>(Consolidated)<br>**JURY TRIAL DEMANDED** |
| VANDA PHARMACEUTICALS INC.,<br>Plaintiff,<br>v.<br>APOTEX INC. and APOTEX CORP.,<br>Defendants. | C.A. No. 23-153-JLH<br>(Consolidated)<br>**JURY TRIAL DEMANDED** |

**JOINT LETTER TO THE HONORABLE JENNIFER L. HALL REGARDING**
**RULE 54(b) FINAL JUDGMENT ON NON-INFRINGEMENT**

Dear Judge Hall:

During the October 1, 2026 status conference and subsequent order (D.I. 394), the Court asked the parties to submit a letter:

(i) providing examples of cases where the Court has proceeded to enter a Rule 54(b) judgment on an infringement issue and

(ii) answering (1) "why it would serve judicial economy to allow [an] appeal [of] only the noninfringement issues in view of the fact that Teva has live antitrust counterclaims that also appear to be based, at least in part, on the alleged invalidity and unenforceability of the patents[;] [a]sked another way, if the Federal Circuit affirms the Court's grant of summary judgment of noninfringement, doesn't it make it more (and not less) likely that this Court will need to grapple with invalidity and unenforceability issues on remand in the context of Teva's antitrust counterclaims and, if so, why shouldn't the Court try those issues now?" and (2) "if the appellate court vacates the grant of summary judgment and remands, why would/should the Court permit the parties to reassert those counterclaims on remand (given that the deadline to amend the pleadings has passed)?"

The parties here provide those examples and address the Court's questions.

**<u>Exemplary Cases</u>**

Courts in this District commonly enter final judgment pursuant to Rule 54(b) following the grant of summary judgment of non-infringement when there were also unresolved pending invalidity, unenforceability, and antitrust counterclaims:

- *Wi-LAN Inc. v. Sharp Elecs. Corp.*, No. 15-379-LPS, 2019 WL 4344158 (D. Del. Sept. 12, 2019) (entering Rule 54(b) final judgment of non-infringement and dismissing invalidity counterclaims without prejudice);
- *American Patent Development Corporation LLC v. Movielink LLC*, No. 07-605-JJF, D.I. 163 (D. Del. June 30, 2010) (Ex. A) (granting final judgment of non-infringement and staying defendants' invalidity counterclaims pending appeal);
- *Innovative Patents LLC v. Brain-Pad, Inc.*, No. 1:07-cv-00680-MPT, D.I. 189 (D. Del. July 28, 2010) (Ex. B) (entering Rule 54(b) final judgment of non-infringement and staying counterclaims of invalidity and unenforceability pending appeal);
- *Medtronic Vascular, Inc. v. Bos. Sci. Corp.*, No. C.A. 98-478-SLR, 2005 WL 6283817, at *1 (D. Del. Feb. 2, 2005), *aff'd sub nom. Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 182 F. App'x 994 (Fed. Cir. 2006) (entering Rule 54(b) final judgment of noninfringement and dismissing without prejudice the invalidity and unenforceability counterclaims and continuing the stay of the antitrust counterclaims pending appeal);
- *Leader Techs., Inc. v. Facebook, Inc.*, C.A. No. 08-00862 (D. Del. Mar. 28, 2011), D.I. 694 at 2 (D. Del. Mar. 28, 2011) (Ex. C) (entering Rule 54(b) final judgment of infringement and invalidity despite pending counterclaim for unenforceability).

- *In re Cyclobenzaprine Hydrochlorlde Extended-Release Capsule Patent Litig*., 676 F.3d 1063, 1088 (Fed. Cir. 2012) (nunc pro tunc Rule 54(b) certification produced final judgment despite pending antitrust and patent-misuse counterclaims)[1]

In fact, at least one court in this District entered final judgment pursuant to Rule 54(b) where, in addition to pending invalidity claims, not all infringement claims had been decided. In *Golden Bridge Technology, Inc. v. Apple Inc. et al*, Judge Robinson entered final judgment pursuant to Rule 54(b) despite only granting summary judgment of non-infringement in favor of one defendant, Apple. The court stayed Apple's invalidity defenses as well as infringement claims against the other defendant Motorola and Motorola's counterclaims of invalidity and non-infringement. No. 10-428-SLR, D.I. 342 (D. Del. June 26, 2013) (Ex. F).

Courts outside of this District have also certified final judgment pursuant to Rule 54(b) after granting summary judgment of non-infringement and despite pending invalidity and unenforceability counterclaims. *See, e.g., Sycamore IP Holdings LLC v. AT&T Corp., et al.*, No. 2:16-CV-588-WCB, D.I. 571 (E.D. Texas April 19, 2018) (Ex. G); *LogoPaint A/S v. 3D Sports Signs SI, et al.*, No. 1:16-20764-UU, D.I. 244, ¶¶ 2, 3, 5 (S.D. Fl. Aug. 11, 2017) (Ex. H); and *Trading Techs. Int'l, Inc. v. FuturePath Trading, LLC*, No. 05-5164-SIE, D.I. 236, ¶¶ 3–6 (N.D. Ill. June 12, 2015) (Ex. I).

**<u>Judicial Economy (Including in View of Antitrust Claims)</u>**

Courts entering a Rule 54(b) judgment despite pending counterclaims "promote efficient judicial administration" in doing so and do not unfairly prejudice the parties. *Golden Bridge Tech.*, D.I. 342, at 2. The core judicial-economy rationale for entering final judgment pursuant to Rule 54(b) where non-infringement was decided on summary judgment and where invalidity counterclaims remain pending is that: (i) if the Federal Circuit affirms the non-infringement judgment, the invalidity counterclaim never needs to be decided; and (ii) if the Federal Circuit reverses, the invalidity issues can be litigated once on remand together with infringement. *Wi-LAN*, 2019 WL 4344158, at *3–4. Proceeding to an invalidity trial before the non-infringement ruling is reviewed on appeal risks wasting substantial party and court resources with a trial that either (i) never needs to happen at all or (ii) may need to be repeated after the Federal Circuit's decision. *See, e.g., Sycamore IP Holdings*, No. 2:16-CV-588-WCB, D.I. 571 ("If [plaintiff's] appeal succeeds, then the issues of infringement, invalidity, and unenforceability could later be

[1] Courts in this district have also entered final judgment on noninfringement even though not all claims had been adjudicated. *See, e.g.*, *Eagle Pharms., Inc. v. Slayback Pharma LLC et al.*, C.A. No. 21-1256-CFC (D. Del. Oct. 25, 2022), D.I. 118 at 2-3 (Ex. D) (dismissing defendant's counterclaims for invalidity without prejudice and entering final judgment of noninfringement); *Alnylam Pharms., Inc. v. Moderna, Inc. et al.*, C.A. No. 22-335-CFC (D. Del. Aug. 30, 2023), D.I. 128 (Ex. E) (dismissing defendant's affirmative defenses and counterclaims for patent invalidity without prejudice and entering final judgment on noninfringement); *Wi-LAN Inc. v. Sharp Elecs. Corp.*, No. CV 15-379-LPS, 2019 WL 4344158, at *4 (D. Del. Sept. 12, 2019) (Stark, J.) (granting motion to enter final judgment on noninfringement even though invalidity counterclaims remained pending), *aff'd*, 992 F.3d 1366 (Fed. Cir. 2021).

tried together instead of being tried piecemeal."); *see also* Ex. B (*Innovative Patents*, D.I. 189) ("[C]onsiderations of judicial economy and reduction of litigation expense are best served by permitting [the plaintiff] to seek review of the Court's claim construction and non-infringement orders at this time, and that there is no just reason for delay in entering this final judgment until final determination of all claims and counterclaims"). For example, if the court were to proceed with a trial now and then the Federal Circuit subsequently addresses the scope of the claims, it is possible the claims would need to be retried in view of the Federal Circuit's statements. *See Wi-LAN*, 2019 WL 4344158, at *3; *Schering Corp. v. Amgen, Inc.*, 35 F. Supp. 2d 375, 378 (D. Del. 1999), aff'd in part, 222 F.3d 1347 (Fed. Cir. 2000).

The Court asks, "if the Federal Circuit affirms the Court's grant of summary judgment of noninfringement, doesn't it make it more (and not less) likely that this Court will need to grapple with invalidity and unenforceability issues on remand in the context of Teva's antitrust counterclaims and, if so, why shouldn't the Court try those issues now." D.I. 394. The short answer is that the Court avoids having two patent trials with two different finders of fact. If the Court stays the pending counterclaims and the Federal Circuit affirms, this Court's work on the patent claims is done. If the Federal Circuit affirms the noninfringement finding, Teva's antitrust counterclaims can be resolved without trying the invalidity and unenforceability claims. If the Federal Circuit remands, the Court may pick up the stayed counterclaims along with the remanded infringement issues and hold just one patent trial.

Staying or dismissing the pending counterclaims without prejudice minimizes that inconvenience to the public, which potentially affects not only two sets of jurors but also two groups of perhaps 40 venirepersons who will lose ½ to ¾ day of time and work as part of the jury selection process.

**<u>Reassertion of Counterclaims</u>**

The Court also asks "if the appellate court vacates the grant of summary judgment and remands, why would/should the Court permit the parties to reassert those counterclaims on remand (given that the deadline to amend the pleadings has passed)?" D.I. 394. To begin, the Federal Circuit has explicitly made dismissal without prejudice an option in this procedural posture.

The Federal Circuit has "held that a district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or *dismiss it without prejudice*, subject to review only for abuse of discretion." *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1370–71 (Fed. Cir. 2004) (emphasis added). Courts—including in the District of Delaware—have thus repeatedly entered Rule 54(b) final judgments on non-infringement while simultaneously either staying or dismissing without prejudice invalidity counterclaims, rather than adjudicating invalidity on the merits beforehand. *See, e.g. Wi-LAN*, 2019 WL 4344158; *Schering*, 35 F. Supp. 2d at 378. For example, *in B. Braun Melsungen AG et al v. Becton, Dickinson and Company et al*, Judge Andrews entered final judgment of non-infringement pursuant to Rule 54(b), following the parties' stipulation to non-infringement, and dismissed without prejudice defendants' unadjudicated invalidity counterclaim, among others. No. 16-411-RGA, D.I. 386 (D. Del. Jan. 16, 2018) (Ex. J).

The parties thus respectfully request that the Court enter final judgment pursuant to the parties' proposed order at D.I. 391.

Dated: October 5, 2026

/s/ Daniel M. Silver
Daniel M. Silver (No. 4758)
Alexandra M. Joyce (No. 6423)
McCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

OF COUNSEL:

Paul W. Hughes
Sarah P. Hogarth
Mary H. Schnoor
McDERMOTT WILL & SCHULTE LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000

Jason A. Leonard
McDERMOTT WILL & SCHULTE LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 547-5400

Samoneh Schickel
McDERMOTT WILL & SCHULTE LLP
300 Colorado Street, Suite 2200
Austin, TX 78701
(512) 726-2600

*Attorneys for Plaintiff Vanda Pharmaceuticals Inc.*

Respectfully submitted,

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

OF COUNSEL:
J.C. Rozendaal
Deirdre M. Wells
William H. Milliken
Byron Pickard
Donald R. Banowit
Brady P. Gleason
Sasha S. Rao
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600

*Attorneys for Teva Pharmaceuticals USA, Inc.*

/s/ Kaan Ekiner
Kaan Ekiner (No. 5607)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

OF COUNSEL:

W. Blake Coblentz
Aaron S. Lukas
COZEN O'CONNOR
2001 M Street, NW, Suite 500
Washington, DC 20036
(202) 912-4800

Keri Schaubert
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
(212) 883-2258

Madison McNulty
COZEN O'CONNOR
One Liberty Place
1650 Markey Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2000

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*